United States District Court

Eastern District of Louisiana

Letoulle

v.                                         CIVIL ACTION NO. 2:00-cv-01667 C

C F Industries Inc


   The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

   Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

   New Orleans, Louisiana, June 7, 2000.

                                        By Direction of the Court

                                        LORETTA G. WHYTE, CLERK



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN -6 P 3:36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN LETOULLE** | CIVIL ACTION NO. **00-1667** |
| **VERSUS** | DIVISION _____ SECTION _____ |
| **C.F. INDUSTRIES, INC.** | JUDGE    **SECT C MAG 4** |
| | MAGISTRATE |

## NOTICE OF REMOVAL

To:  Plaintiffs
     Through their counsel of record
     Roy F. Amedee, Jr.
     James A. Hatch
     425 W. Airline Highway, Suite B
     LaPlace, LA 70068

PLEASE TAKE NOTICE that CF Industries, Inc. ("CF"), defendant in that certain proceeding entitled "Shawn Letoulle vs. C.F. Industries, Inc." Civil Action No. 26752, Section "E", filed in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, hereby files its Notice of Removal and removes this action to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is being served upon Roy F. Amedee and James A. Hatch, Robert M. Becnel and Diane K. Zink, as counsel for plaintiffs, Shawn Letoulle and

NO:99093179.1

Fee  150.00
___ Process ___
 X  Dktd ___
___ CtRmDep ___
___ Doc.No.___

others similarly situated, and a copy of this Notice of Removal is being filed with the Clerk of Court of the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, in conformity with 28 U.S.C. § 1446(d). Although CF has not been served with the state court petition through their registered agent for service of process, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in CF's possession is attached hereto as Exhibit A.

CF respectfully submits that the grounds for its removal of the action are as follows:

I.

A Class Action Petition (the "Petition") entitled "Shawn Letoulle versus C.F. Industries, Inc." Civil Action No. 26752, Division "E", was filed on June 1, 2000, in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, and is pending in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

II.

Plaintiff Shawn Letoulle alleges in the introductory paragraph of the Petition that he is a resident of Louisiana. Plaintiff, therefore, is a citizen of the State of Louisiana. Defendant CF Industries, Inc. is a Delaware corporation with its principal place of business in Illinois. CF, therefore, is a citizen of the state of Delaware and/or Illinois. To the extent plaintiff alleges CF's principal place of business is in Louisiana, that allegation is inaccurate and should be disregarded. In the alternative, plaintiff's allegation that CF's principal place of business is in Louisiana was improperly and/or fraudulently made to defeat this Honorable Court's diversity jurisdiction. Accordingly, complete diversity of citizenship exists between plaintiff and defendant.

III.

The Petition asserts that "[t]his is a class action brought pursuant to La. C.C.P. Art. 591, et seq. on behalf of all persons or entities who or which sustained direct and/or consequential injury

and damage as a result of an explosion and fire at CF Industries, Inc.'s plant in Donaldsonville, Louisiana on May 24, 2000 which caused damages as alleged. (Petition, ¶ II.)

IV.

In the Petition, plaintiff seeks on behalf of himself and putative class members undefined general and special damages, including but not limited to personal injury, mental damages, economic damages, evacuation, and inconvenience. (Petition, ¶ X.)

V.

The amount in controversy can be expected by a preponderance of the evidence or with reasonable certainty to exceed $75,000 for the following reasons:

a) Pursuant to Louisiana Class Action statutory provisions, class action plaintiffs are entitled to seek recovery of attorneys' fees and costs. La. Code Civ. Pro. Art. 595. Article 595 provides that in a class action "the Court may allow the representative parties their reasonable expenses of litigation, including attorneys' fees . . . ." Accordingly, the plaintiffs have a common and undivided interest in the class claim for attorneys' fees, which may be aggregated and attributed to the named plaintiff for determining the amount in controversy. Upon information and belief, the claim for attorneys' fees in this matter can be expected by a preponderance of the evidence or with reasonable certainty, to exceed the sum or value of $75,000, exclusive of interest and costs.

b) Although plaintiff alleges that his claims do not equal or exceed $75,000 (Petition, ¶ XIV), he has not stipulated or filed an affidavit to that effect with the state court petition. Therefore, the amount of his claim is subject to amendment or modification. Plaintiff alleges the incident caused injuries requiring medical treatment and alleges that he and the putative class members are entitled to medical monitoring. (Petition, ¶¶ XII and XIII). Upon information and belief, based on the facts pled by plaintiff, the amount in controversy with respect to the named

plaintiff's claim can be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum or value of $75,000, exclusive of interest and costs.

c) Additionally, plaintiff alleges that the claims of the putative class plaintiffs do not equal or exceed $75,000. (Petition, ¶ XIV.) However, plaintiff's allegations regarding the claims of the putative class members are subject to modification and amendment. Upon information and belief, based on the facts pled in the Petition (*See* Petition, ¶ ¶ XII and XIII), the amount in controversy with respect to the claims of certain of the putative class members can be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum or value of $75,000, exclusive of interest and costs.

VI.

There is complete diversity of citizenship between plaintiff and CF, and because the amount in controversy exceeds $75,000, this Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

VII.

Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over any and all claims for which it does not have original jurisdiction as well as over the claims of any and all unnamed, putative class members.

VIII.

Service of the Petition on CF's registered agent for service of process has not been effected, but CF received notice of the Petition on or after June 1, 2000. Since CF has not been served with the Petition, thirty (30) days have not yet elapsed from service, and in any event, thirty (30) days

have not elapsed since CF received notice of the Petition on or after June 1, 2000. Accordingly, Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

IX.

Promptly after filing this Notice of Removal, written notice hereof will be given to plaintiff and will be filed with the Clerk of the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

WHEREFORE, Defendant CF Industries, Inc. prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Class Action Petition be removed from the 23rd Judicial District Court for the Parish of St. James, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

_____
MARK C. DODART (#17549)
NEIL C. ABRAMSON (#21436)
NORA T. BOLLING (#22955)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

- and -

MICHAEL H. RUBIN (#10833)
RICHARD A. CURRY (#4671)
MICHAEL FERACHI (#19566)
McGLINCHEY STAFFORD
Ninth Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000

- and -

JOHN W. PERRY JR. (#10524)
DANIEL J. BALHOFF (#18776)
ATKINSON, PERRY, ATKINSON
    & BALHOFF, L.L.C.
2141 Quail Run Drive
Baton Rouge, Louisiana 70884-3260
Telephone: (225) 767-7730

- and -

MALCOLM J. DUGAS, JR. (#05137)
DUGAS, LEBLANC & SOTILE, L.L.C.
406 Houmas Street
Donaldsonville, Louisiana 70346
Telephone: (225) 473-3109

- and -

ROBERT E. KERRIGAN (#07350)
CHARLES LECHE (#08218)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, Louisiana 70130-3672
Telephone: (504) 581-5141

COUNSEL FOR CF INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all known counsel of record by First Class United States Mail, properly addressed and postage prepaid, this 6th day of June, 2000.

NO:99093179.1                     6